United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal Case No. 21-20155-CR-Scola |
| | ) |
| Osher Maimon, Defendant. | ) |

### Order Denying Motion for Compassionate Release

Before the Court is Defendant Osher Maimon's motion for compassionate release under the provisions of 18 U.S.C. § 3582(c)(1)(A). The Court has also considered the Government's response to that motion. (ECF No. 46.) Maimon has not replied and the time to do so has passed. For the reasons set forth below, the Court **denies** the Defendant's motion (**ECF No. 44**).

1. **Background**

In conjunction with a written plea agreement and factual proffer (ECF Nos. 31, 32), Maimon entered a guilty plea (ECF No. 33) to an information (ECF No. 20), charging him with coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). A few months later, on September 3, 2021, the Court sentenced Maimon to 120 months' imprisonment—the mandatory minimum—followed by 25 years' supervised release. (ECF Nos. 38, 39, 41.) Maimon is currently serving his sentence at the FCI Allenwood Low in Pennsylvania, and his projected release date is February 5, 2028. (Govt's Resp. at 3.) Maimon now contends compassionate release under 18 U.S.C. § 3582(c)(1)(A) is warranted based, primarily, on his parents' ill health, the need for him to care for them in Israel, and various other complications, including the current war in Israel. (Def.'s Mot. at 2.)

2. **Legal Standard**

Under section 3582(c)(1)(A), Congress enacted a narrow exception to permit courts to reduce a term of imprisonment (1) if the defendant demonstrates there are "extraordinary and compelling reasons" for a sentence reduction or the defendant is at least 70 years old and has served at least 30 years in prison; (2) the relief is consistent with the Sentencing Commission's relevant policy statements in U.S.S.G. § 1B1.13 and the applicable 18 U.S.C. § 3553(a) factors; and (3) the defendant is not a danger to the safety of any other

person or to the community as provided in 18 U.S.C. § 3142(g).[1] Congress directed the Commission to "describe what should be considered extraordinary and compelling reasons." 28 U.S.C. § 994(t). On November 1, 2023, the Commission amended the policy statement to six categories that could constitute extraordinary and compelling reasons for a sentence reduction: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) abuse of the defendant while imprisoned; (5) other reasons of similar gravity; and (6) the imposition of an unusually long sentence. U.S.S.G. § 1B1.13(b).

Section 3582 allows the Court to consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 329 (11th Cir. 2013) (noting defendant has the burden to show circumstances meeting the test for a reduction of sentence).

### 3. Analysis

To start, the Government does not dispute that Maimon exhausted his administrative remedies. Nonetheless, as set forth below, the Court finds Maimon has failed to establish that compassionate release is warranted.

As an initial matter, Maimon maintains he should be released so that he can act as a caretaker for his parents who live in Israel. In support he lists various illnesses they suffer from. For example, he says his father suffers from a loss of heart function, as a result of numerous heart attacks; the effects of

---

[1] Specifically, the 3553(a) factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1)–(2); *see also United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) ("compassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)").

The § 3142(g) factors are largely duplicative of the § 3553(a) factors. The 3142(g) factors include, among others: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

having had a stroke; intermittent claudication of his limbs; arterial limb occlusion; a blocked tibial posterior artery; and peripheral vascular disease. (Def.'s Mot. at 3–5.) And he says his mother suffers from forgetfulness; diabetes; spinal disk issues; and depression. (*Id.* 5–6.) Maimon fails, however, to show that either of his parents are completely disabled and thus does not meet the incapacitation criterion of U.S.S.G. § 1B1.13(b)(3)(C). *See U.S. v. Gonzalez*, No. 11-CR-20474, 2024 WL 2716496, at *2 (S.D. Fla. May 28, 2024) (Bloom, J.) (holding that a defendant must show that his family member is "medically incapacitated" as demonstrated by "medical records, letters, and/ or other documentation.").

Additionally, Maimon fails to establish that he is his parents only available caregiver. In fact, Maimon's two brothers live in Israel, apparently in the same city as their parents. (Govt's Resp. at 9.) Accordingly, Maimon has not shown that he is "the only available caregiver" for his parents, as required under U.S.S.G. § 1B1.13(b)(3)(C). *See U.S. v. Rivera*, No. CR 21-10245-FDS, 2024 WL 3329127, at *3 (D. Mass. July 8, 2024) ("While commendable, a defendant's mere desire to care for a vulnerable family member does not qualify as an extraordinary and compelling family circumstance when the defendant is not the only available caretaker.").

Maimon also points to various other factors as demonstrating extraordinary and compelling reasons warranting his release: for example, the war in Israel, the conditions of his confinement during COVID-19, various immigration issues, and his rehabilitation. None of these circumstances, whether alone or together, however, is sufficient. *See, e.g., Gonzalez*, 2024 WL 2716496, at *4 ("[A] [d]efendant's experience in confinement during the Covid-19 pandemic does not qualify as an 'other reason' for his alleged extraordinary and compelling circumstances under § 1B1.131(b)(5).") (cleaned up); *id.* at *3 (noting that where a "[d]efendant has not otherwise established extraordinary and compelling circumstances . . . , his rehabilitation argument is immaterial").

Finally, even if Maimon had established extraordinary and compelling reasons, his release would still not be warranted as he has not demonstrated that he would not pose a danger to the community, nor has he shown that the § 3553 factors weigh in his favor. Given the reprehensible nature of Maimon's crime, the ten years' imprisonment imposed by the Court was an appropriate sentence. Maimon, when he was thirty-years old, communicated online with a fourteen-year-old girl; manipulated her into sending nude photos of herself and receiving nude photos of him; and coerced her into performing sex acts online and then in person, while he videotaped the activity. (Factual Proffer, ECF No. 32.) Releasing Maimon now would not adequately account for the severity of his crimes, promote respect for the law, provide just punishment for the

offense, or afford adequate deterrence to similar criminal conduct. In short, the 3553(a) factors do not weigh in favor of Maimon's release. Nor has Maimon persuaded the Court he would not pose a danger to the community. This is especially so in light of the fact that, but for the minor's parents' discovering Maimon's communications with their child, and alerting the authorities, Maimon would have continued to engage in sexual activity with her. (Govt's Resp. at 11 (citing the PSI).)

### 4. Conclusion

Accordingly, for the reasons set forth above, the Court **denies** Maimon's motion for compassionate release (**ECF No. 44**).

**Done and ordered** at Miami, Florida, on February 19, 2025.

_____
Robert N. Scola, Jr.
United States District Judge